**Corey DAVIS, Plaintiff-Appellant,**

v.

**Joy BROWN, Defendant–Cross-Claimant–Appellee,**

**PODS Inc., Defendant–Cross-Defendant–Appellee.***

**No. 16-1837-cv**

United States Court of Appeals,
Second Circuit.

December 20, 2017

FOR APPELLANT: Corey Davis, pro se, Bradford, PA.

FOR APPELLEES: Marc I. Kunkin, Hill Rivkins LLP, New York, NY, for PODS Inc.

Joy Brown, pro se, Hempstead, NY.

PRESENT: GERARD E. LYNCH, RAYMOND J. LOHIER, JR., Circuit Judges, CHRISTINA REISS, Chief District Judge.**

## SUMMARY ORDER

Corey Davis, pro se and incarcerated, appeals from the October 2015 order of the District Court (Feuerstein, J.) dismissing his complaint pursuant to the parties' stipulation and its May 2016 order denying his motion for relief pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as

quires consideration of matters outside the record on direct appeal").

* The Clerk of Court is directed to amend the official caption as set forth above.

necessary to explain our decision to dismiss in part and affirm in part.

We have determined sua sponte that Davis's notice of appeal was untimely filed with respect to the October 2015 dismissal order. The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); see also 28 U.S.C. § 2107(a). The time to file a notice of appeal is tolled during the pendency of a Rule 60 motion if that motion is filed within 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). But subsequent Rule 60 motions will not toll the time to appeal; only the first motion does so. Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996). Although Davis's first Rule 60 motion tolled the time to file a notice of appeal, the District Court denied that motion on January 14, 2016, giving Davis until Tuesday, February 16, 2016 to file his notice of appeal. See Fed. R. App. P. 26(a)(1)(C). Davis did not appeal until four months later, in June 2016. Accordingly, we lack jurisdiction to review the October 2015 order.

Davis also appeals the District Court's May 2016 order, arguing that he was entitled to relief pursuant to Rule 60(b)(6) because the District Court did not have the authority to modify the stipulation and proposed order before dismissing the action. Even assuming that Davis has not forfeited this argument about the District Court's lack of authority, see McLeod v. Jewish Guild for the Blind, 864 F.3d 154,

** Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

156 (2d Cir. 2017), the District Court did not abuse its discretion in dismissing the case without retaining jurisdiction over the settlement agreement because, as Davis's own submission to the District Court made clear, retention of jurisdiction was not a condition of the parties' settlement agreement, and Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure does not enable parties to obligate a court to retain such jurisdiction.

As a result, the District Court properly declined to exercise ancillary jurisdiction over enforcement of the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). Federal courts are courts of limited jurisdiction that do not automatically retain jurisdiction over the enforcement of settlement agreements. Id. To retain ancillary jurisdiction over the enforcement of a settlement agreement, the District Court's order of dismissal must either expressly retain jurisdiction or incorporate the terms of the settlement agreement. Id. Here, the District Court's dismissal order explicitly did not retain jurisdiction or incorporate the terms of the settlement agreement.

We have considered Davis's remaining arguments and conclude that they are without merit. Accordingly, we DISMISS the appeal from the District Court's October 2015 order and AFFIRM the District Court's May 2016 order denying Rule 60 relief.